FILED

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2013 FEB 15 P 1: 28

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

HASSINA ANSARY,

    Plaintiff,

v.

Civil Action No. 1:13CV216-GBL/IDD

EXPERIAN INFORMATION
SOLUTIONS, INC.,
Serve: David N. Anthony, Registered Agent
       1001 Haxall Point
       Richmond, VA 23219
and

TRANS UNION, LLC,
Serve: Corporation Service Company, Registered Agent
       11 S. 12th Street
       Richmond, VA 23218

    Defendants.

## COMPLAINT

The Plaintiff, HASSINA ANSARY, by counsel, and for her Complaint against Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act or "FCRA").

### JURISDICTION

2. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

4. The Plaintiff, HASSINA ANSARY ("Ms. Ansary"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, **EXPERIAN INFORMATION SOLUTIONS, INC.** ("*Experian*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

6. Upon information and belief, *Experian* is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). Upon information and belief, *Experian* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7. Upon information and belief, *Experian* disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, **TRANS UNION, LLC** ("*Trans Union*") is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia.

9. Upon information and belief, *Trans Union* is a "consumer reporting agency," as defined in 15 U.S.C. §1681(f). Upon information and belief, *Trans Union* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

10. Upon information and belief, *Trans Union* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

11. In early 2011, Ms. Ansary obtained a copy of her credit report from *Experian* and *Trans Union*. At this time, Ms. Ansary discovered that *Experian* and *Trans Union* were inaccurately reporting the status of public records on her credit report.

12. Specifically, *Experian* and *Trans Union* were inaccurately reporting that JMU Financial Services, Inc. ("JMU Financial") obtained a judgment against Ms. Ansary on or around April 14, 2005. This was inaccurate because that judgment was vacated in 2007 in favor of Ms. Ansary.

13. Additionally, *Experian* was also inaccurately reporting that the status of a judgment against Ms. Ansary in favor of FIA Card Services, N.A. ("FIA Card Services") in the amount of $4,229, which had been satisfied. Moreover, *Experian* was reporting this same judgment multiple times within her credit file and under different identification numbers.

14. In early 2011, Ms. Ansary separately forwarded a written dispute letters to *Experian* and *Trans Union*.

15. Ms. Ansary's letter to *Experian* disputed the legitimacy of JMU Financial and FIA Card Services' judgments on her credit reports. In this letter, Ms. Ansary explained that the public records were not accurately reporting on her credit report. Ms. Ansary also provided the telephone numbers of the Fairfax County General District and Circuit Court so that *Experian* could verify that the information in her letter was accurate.

16. Similarly, Ms. Ansary's letter to *Trans Union* disputed the accuracy of the JMU Financial judgment. In this letter, Ms. Ansary explained that JMU Financial's judgment was vacated.

17. *Experian* sent correspondence to Ms. Ansary detailing the results of its investigation. In this letter, which Ms. Ansary received within two years prior to the filing of this lawsuit, *Experian* stated it reviewed the judgment information and deleted its reporting pertaining to JMU Financial. Similarly, the letter also indicated that *Experian* updated the status of the FIA Card Services judgment information to "civil claim paid."

18. Despite its update, *Experian* continued to report the same judgment more than once against Ms. Ansary in favor of FIA Card Services, although both were updated as paid. As of the date of this Complaint, *Experian* is still reporting that FIA Card Services obtained multiple judgments against Ms. Ansary.

19. Within two years of filing this lawsuit, *Trans Union* was reporting the vacated judgment on Ms. Ansary's credit report. Ultimately, after Ms. Ansary's dispute to *Trans Union*, it deleted the inaccurate public record information from her credit report.

20. *Experian* and *Trans Union* had actual knowledge of these inaccuracies and deliberately chose to ignore and permit reporting of the inaccurate account.

21. Upon information and belief, *Experian* and *Trans Union* prepared and published to third parties multiple inaccurate consumer reports about Ms. Ansary which contained inaccurate derogatory information regarding the JMU Financial and FIA Card Services' judgments.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**(EXPERIAN AND TRANS UNION)**

22. Ms. Ansary realleges and incorporates all other factual allegations set forth in the Complaint.

23. *Experian* and *Trans Union* violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Ms. Ansary's credit report and credit files it published and maintained.

24. As a result of *Experian* and *Trans Union's* violations of 15 U.S.C. §1681e(b), Ms. Ansary suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

25. The violations by *Experian* and *Trans Union's* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian* and *Trans Union* were negligent, which entitles Ms. Ansary to recovery under 15 U.S.C. §1681o.

26. Ms. Ansary is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* and *Trans Union* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)
### (EXPERIAN)

27. Ms. Ansary realleges and incorporates all other factual allegations set forth in the Complaint.

28. *Experian* violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was

inaccurate and record the current status of the disputed information or delete the item from her credit file.

29. *Experian's* violations of 15 U.S.C. §1681i(a)(1), Ms. Ansary suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

30. The violations by *Experian* were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian* was negligent, which entitles Ms. Ansary to recovery under 15 U.S.C. §1681o.

31. Ms. Ansary is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(4)
### (EXPERIAN)

32. Ms. Ansary realleges and incorporates all other factual allegations set forth in the Complaint.

33. *Experian* violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Ms. Ansary regarding the FIA Card Services judgment.

34. As a result of *Experian's* violations of 15 U.S.C. §1681i(a)(4), Ms. Ansary suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

35. The violations by *Experian* were willful, rendering the Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, *Experian* was negligent, which entitles Ms. Ansary to recovery under 15 U.S.C. §1681o.

36. Ms. Ansary is entitled to recover actual damages, statutory damages, costs and attorney's fees from *Experian* in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

HASSINA ANSARY

By _____
Counsel

Kristi Cahoon Kelly, VSB#72791
Andrew J. Guzzo, VSB #82170
SUROVELL, ISAACS, PETERSEN & LEVY, PLC
4010 University Drive, Second Floor
Fairfax, Virginia 22030
(703) 251-5400 – Telephone
(703) 591-9285 – Facsimile
Email: kkelly@siplfirm.com
Email: aguzzo@siplfirm.com

Leonard A. Bennett, VSB#37523
Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. 1-A
Newport News, VA 23601
(757) 930-3660 – Telephone

(757) 930-3662 – Facsimile
Email: lenbennett@clalegal.com
Email: srotkis@clalegal.com
*Counsel for Plaintiff*