## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HASSINA ANSARY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:13-cv-216-GBL/IDD |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff Hassina Ansary's ("Plaintiff") Complaint ("Complaint"), states:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to the other Defendant and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer. In response to the numbered and unnumbered paragraphs in the Complaint, Experian states as follows:

### PRELIMINARY STATEMENT

1.      Experian admits that Plaintiff purports to bring this lawsuit for actual, statutory and punitive damages, costs and attorney's fees pursuant to the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681 *et seq.*   Experian denies that it violated any of the laws relied on by

Plaintiff, and states that these are legal conclusions which are not subject to denial or admission.

## JURISDICTION

2.      Experian admits that Plaintiff has alleged jurisdiction pursuant to 28 U.S.C.

§ 1331 and 15 U.S.C. § 1681(p).  Experian states that this is a legal conclusion, which is not

subject to denial or admission.  To the extent any response is required, Experian denies that

Plaintiff has any basis in fact or in law to maintain this action against Experian, and denies the

remaining allegations in paragraph 2.

3.      Experian admits that Plaintiff has alleged venue pursuant to 28 U.S.C.

§ 1391(b)(1).  Experian states that this is a legal conclusion, which is not subject to denial or

admission.  To the extent any response is required, Experian does not have knowledge or

information sufficient to form a belief as to the truth of the allegations of paragraph 3, and

therefore denies the same.

## PARTIES

4.      Experian admits that the Plaintiff is a natural person.  The remaining allegations

contained in paragraph 4 are legal conclusions, which are not subject to denial or admission.

5.      Experian admits that it is an Ohio Corporation authorized to do business, and with

a registered agent, in the Commonwealth of Virginia.  Except as specifically admitted, Experian

denies, generally and specifically, each and every remaining allegation of paragraph 5 of the

Complaint.

6.      Experian denies that 15 U.S.C. § 1681(f) defines "consumer reporting agency."

Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

Experian also denies that 15 U.S.C. § 1681(d) defines the term "consumer report."  Experian

admits that it regularly engages in the business of, *inter alia*, assembling, evaluating, and

disbursing consumer reports as defined in 15 U.S.C. § 1681a(d) to third parties.  Except as specifically admitted, Experian denies the remaining allegations in paragraph 6 of the Complaint.

7.      Experian admits the allegations of paragraph 7 of the Complaint.

8.      The allegations in paragraph 8 of the Complaint relate to the other Defendant. Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 8 of the Complaint.

9.      The allegations in paragraph 9 of the Complaint relate to the other Defendant. Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 9 of the Complaint.

10.      The allegations in paragraph 10 of the Complaint relate to the other Defendant. Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 10 of the Complaint.

**FACTS**

11.      Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 and therefore denies the same.

12.      Experian admits that, in early 2011, its credit file reported that JMU Financial Services had obtained a judgment against Plaintiff.  Experian denies, generally and specifically, each and every remaining allegation of paragraph 12 as it relates to Experian.  As to the allegations in paragraph 12 related to Plaintiff or the other Defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on

that basis, denies, generally and specifically, each and every allegation of paragraph 12 of the Complaint not admitted herein.

13.     Experian admits that, in early 2011, its credit file reported that FIA Card Services, N.A. had obtained a judgment against Plaintiff.  Experian denies, generally and specifically, each and every remaining allegation of paragraph 13 of the Complaint not admitted herein.

14.     Experian admits that in early 2011, Plaintiff forwarded a written dispute letter to Experian.  As to the allegations in paragraph 14 related to the other Defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 14 of the Complaint not admitted herein.

15.     In response to paragraph 15 of the Complaint, Experian states that Plaintiff's letter speak for itself and, on that basis, denies, generally and specifically, each and every allegation of paragraph 15 inconsistent therewith.  Experian denies, generally and specifically, each and every remaining allegation of paragraph 15 as it relates to Experian.

16.     The allegations in paragraph 16 of the Complaint relate to the other Defendant. Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 16 of the Complaint.

17.     Experian admits that it responded to Plaintiff's dispute.  Experian states that its response speaks for itself and, on that basis, denies, generally and specifically, each and every allegation of paragraph 17 inconsistent therewith.  Experian denies, generally and specifically, each and every remaining allegation of paragraph 17.

18.     Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 and therefore denies the same pending further investigation.

19.     The allegations in paragraph 19 of the Complaint relate to the other Defendant. Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 19 of the Complaint.

20.     Experian  denies, generally and specifically, each and every allegation of paragraph 20 as it relates to Experian.  As to the allegations in paragraph 20 related to the other Defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 20 of the Complaint.

21.     Experian  denies, generally and specifically, each and every allegation of paragraph 21 as it relates to Experian.  As to the allegations in paragraph 21 related to the other Defendant, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation of paragraph 21 of the Complaint.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**(EXPERIAN AND TRANS UNION)**

22.     Experian incorporates its responses to all other factual allegations set forth in the Complaint.

23.     Experian  denies, generally and specifically, each and every allegation of paragraph 23, which constitute legal conclusions, as it relates to Experian.  As to the allegations in paragraph 23 that related to the other Defendant, Experian lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 and therefore denies the same.

24.     Experian denies, generally and specifically, each and every allegation of paragraph 24, which constitute legal conclusions as it relates to Experian.  As to the allegations in paragraph 24 that related to Plaintiff or the other Defendants, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 and therefore denies the same.

25.     Experian states that whether its actions were willful or negligent is a legal conclusion, which is not subject to denial or admission.  Experian denies, generally and specifically, each and every allegation of paragraph 25 as it relates to Experian.  As to the allegations in paragraph 25 that related to the other Defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 and therefore denies the same.

26.     Experian states that Plaintiff's entitlement to damages, costs and attorney's fees is a legal conclusion, which is not subject to denial or admission.  Experian denies, generally and specifically, each and every allegation of paragraph 26 as it relates to Experian.  As to the allegations in paragraph 26 that related to the other Defendant, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 and therefore denies the same.

## COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(1)
### (EXPERIAN)

27.     Experian incorporates its responses to all other factual allegations set forth in the Complaint.

28.     Experian denies, generally and specifically, each and every allegation of paragraph 28, which constitute legal conclusions, as it relates to Experian.

29.     Experian denies, generally and specifically, each and every allegation of paragraph 29, which constitute legal conclusions as it relates to Experian.  As to the allegations in paragraph 29 that related to Plaintiff, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 and therefore denies the same.

30.     Experian states that whether its actions were willful or negligent is a legal conclusion, which is not subject to denial or admission.  Experian denies, generally and specifically, each and every allegation of paragraph 30 as it relates to Experian.

31.     Experian states that Plaintiff's entitlement to damages, costs and attorney's fees is a legal conclusion, which is not subject to denial or admission.  Experian denies, generally and specifically, each and every allegation of paragraph 31 as it relates to Experian.

## COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i(a)(4)
## (EXPERIAN)

32.     Experian incorporates its responses to all other factual allegations set forth in the Complaint.

33.     Experian denies, generally and specifically, each and every allegation of paragraph 33, which constitute legal conclusions, as it relates to Experian.

34.     Experian denies, generally and specifically, each and every allegation of paragraph 34, which constitute legal conclusions as it relates to Experian.  As to the allegations in paragraph 34 that related to Plaintiff, Experian lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 34 and therefore denies the same.

35.     Experian states that whether its actions were willful or negligent is a legal conclusion, which is not subject to denial or admission.  Experian  denies, generally and specifically, each and every allegation of paragraph 35 as it relates to Experian.

36.     Experian states that Plaintiff's entitlement to damages, costs and attorney's fees is a legal conclusion, which is not subject to denial or admission.  Experian  denies, generally and specifically, each and every allegation of paragraph 36 as it relates to Experian.

**PRAYER**

Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever.  Experian admits that Plaintiff demands a trial by jury.  Experian denies all allegations not expressly admitted or stated otherwise herein.

**AFFIRMATIVE DEFENSES**

Experian hereby sets forth the following affirmative defenses to the Complaint.  By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Experian admit that Plaintiff is relieved of her  burden to prove each and every element of their claims and the damages, if any, to which they are entitled.  As for its affirmative defenses, Experian reasserts and reincorporates as if fully set forth herein its responses above to paragraphs 1 through 36 of the Complaint, and to the unnumbered prayers for relief contained therein.

**FIRST AFFIRMATIVE DEFENSE**
**(Failure To State A Claim)**

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (Immunity)

Plaintiff's claims fail to the extent that they are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE
### (Truth/Factual Accuracy)

Plaintiff's claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true or not factually inaccurate.

## FOURTH AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

## FIFTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause/Indemnification)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## SIXTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

## SEVENTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Fault and Estoppel)

Plaintiff cannot recover from Experian to the extent that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by

Experian.

## EIGHTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Plaintiff cannot recover from Experian to the extent that Plaintiff has failed to mitigate her alleged damages.

## NINTH AFFIRMATIVE DEFENSE
### (Venue)

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia.  Experian may seek to transfer this case, pursuant to 28 U.S.C. § 1404, as this Court may not be the most convenient venue for the parties and witnesses.

## TENTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

Plaintiff's claims for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages.  Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States and the Constitution of Virginia.  Experian adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Cooper Indus., Inc. v. Leatherman Tool Grp, Inc.*, 532 U.S. 923 (2001); and *BMW v. Gore*, 517 U.S. 559 (1996).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

Plaintiff cannot recover against Experian to the extent that her claims for relief in the

Complaint are barred by the applicable statutes of limitations or the doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses at such time and to

such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully prays as

follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action

be dismissed in its entirety;

(2)     For costs of this suit and attorneys' fees herein incurred; and

(3)     For such other relief as the Court may deem just and proper.

Dated:  July 5, 2013                          Respectfully submitted,


                                              */s/ Mark R. Lentz*
                                              Mark R. Lentz (VSB No. 77755)
                                              JONES DAY
                                              51 Louisiana Avenue, N.W.
                                              Washington, DC  20001-2113
                                              Telephone:  (202) 879-3939
                                              Facsimile:  (202) 626-1700
                                              Email:  mrlentz@jonesday.com

                                              *Counsel for Defendant*
                                              *EXPERIAN INFORMATION SOLUTIONS, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSEN & LEVY PLC
4010 University Dr, Suite 200
Fairfax, VA 22030
Tel:  (703) 251-5400
Fax:  (703) 591-9285
Email: kkelly@siplfirm.com

*Counsel for Plaintiff Hassina Ansary*

Len Anthony Bennett
CONSUMER LITIGATION
ASSOCIATES
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
Email:  lenbennett@cox.net

*Counsel for Plaintiff Hassina Ansary*

Grant Edward Kronenberg
MORRIS & MORRIS PC
11 South 12th Street, 5th Floor
PO Box 30
Richmond, VA 23218
Tel:  (804) 344-6334
Fax: (804) 344-8359
Email: gkronenberg@morrismorris.com

*Counsel for Defendant Trans Union, LLC*

/s/ Mark R. Lentz
Mark R. Lentz (VA Bar No. 77755)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  mrlentz@jonesday.com

*Counsel for Defendant*
*EXPERIAN INFORMATION SOLUTIONS,*
*INC.*